**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| RONNIE H. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-CV-114 CAS |
| | ) | |
| AMERICAN MEDICAL SECURITY LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for partial summary judgment. Plaintiff seeks a partial summary judgment by the Court that defendant American Medical Security Life Insurance Company ("American Medical") is obligated to pay insurance benefits for claims related to plaintiff's heart treatment without any pre-existing condition limitation. American Medical opposes the motion. For the following reasons, plaintiff's motion will be denied.

## Background

On July 6, 2006, plaintiff Ronnie Johnson filed this civil action in state court against American Medical alleging breach of an insurance contract (Count I) and vexatious refusal to pay (Count II). On August 18, 2006, American Medical removed the action to this Court based on the diversity of citizenship between the parties. Plaintiff filed a motion for partial summary judgment to determine whether the pre-existing limitation provision of the insurance policy applies.

## Legal Standard

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), this Court must grant summary judgment if, based upon the pleadings,

admissions, depositions and affidavits, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Board of Education, Island Trees v. Pico, 457 U.S. 853, 863 (1982). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." Cearley v. General Am. Transp. Corp., 186 F.3d 887, 889 (8th Cir. 1999) (citing Crain v. Board of Police Commissioners, 920 F.2d 1402, 1405-06 (8th Cir. 1990)). Plaintiff's motion for partial summary judgment presents only legal issues for determination. The facts underlying plaintiff's motion are undisputed.

**Facts**

American Medical issued plaintiff a group accident and sickness insurance policy, effective August 15, 2005. On September 18, 2005, Mr. Johnson sought medical treatment at Southeast Missouri Hospital for chest pain. He was later diagnosed with unstable angina. Plaintiff submitted a claim for payment of related expenses to American Medical. American Medical denied the claim based on the policy's limitation for pre-existing conditions.

The original exclusion in the policy for pre-existing conditions was deleted by a rider attached to the policy. The rider replaced the original exclusion with a new provision, providing:

> If Your medical coverage is subject to a Pre-Existing Condition limitation on Your effective date, as shown in the schedule of benefits, while that limitation is in effect the benefits under the Policy will be payable at the lesser of:
>
> a.     The benefits of this Policy determined without application of the Pre-Existing Condition limitation; and
>
> b.     The benefits of the prior policy;

Pl. Mot., Ex. 3 at 22.

The term "the prior policy" as used in subparagraph (b) is not defined by the policy or any accompanying rider. On the same page that contains the above pre-existing condition provision, another provision states:

**REPLACEMENT OF PRIOR GROUP INSURANCE**

This provision applies when the medical insurance under this Policy is replacing medical insurance from another insurer, and You:

1.　　Were validly covered by the prior insurance policy on the day immediately prior to Your effective date under this Policy; and

2.　　You were validly covered under the prior plan on the date of discontinuance.

This policy does not provide insurance for extended medical benefits You are entitled to under the prior policy, unless You were disabled at the time the coverage under Your prior policy ended. If you were disabled at the time the coverage under Your prior policy ended, we will coordinate benefits with the policy to determine who will be the primary carrier for benefits.

Id.

Plaintiff had a health insurance policy in effect prior to the American Medical policy, but this prior policy was not in effect immediately preceding the American Medical policy. The American Medical policy was not replacing any other group insurance policy or plan.

In his motion for summary judgment, plaintiff argues the phrase "the prior policy" in subparagraph (b) of the pre-existing condition rider is ambiguous and could mean an insurance policy immediately preceding plaintiff's policy with American Medical, or it could mean any insurance policy plaintiff held at any time before his policy with American Medical. Defendant argues the phrase "the prior policy" is not ambiguous. While the Policy does not contain a definition of the phrase "the prior policy," based on the Replacement of Prior Group Insurance provision that appears on the same page

as the pre-existing condition rider, "the prior policy" means a policy in effect immediately before plaintiff's effective coverage date.

**Discussion**

The general rules for interpreting contracts apply to insurance contracts. The key is whether the contract language is ambiguous. See Todd v. Missouri United Sch. Ins. Council, 223 S.W.3d 156, 160 (Mo. 2007). If an insurance policy is ambiguous, the Court must interpret the policy in favor of the insured. Where insurance policies are unambiguous, however, the Court must enforce the policies as written. Id.

In interpreting an insurance contract, Missouri courts read the contract as a whole and determine the intent of the parties, giving effect to that intent by enforcing the contract as written. See Kyte v. American Family Mut. Ins. Co., 92 S.W.3d 295, 298-99 (Mo. App. W.D. 2002). If giving the language used its plain and ordinary meaning the intent of the parties is clear and unambiguous, courts cannot resort to rules of construction to interpret the contract. Id. at 298. The fact that the parties disagree over the interpretation of terms in an insurance policy does not render the language ambiguous. Id. at 299. Insurance policy language is ambiguous when it is reasonably open to different constructions. Lincoln County Ambulance Dist. v. Pacific Employers Ins. Co., 15 S.W.3d 739, 743 (Mo. App. E.D. 1998); Stotts v. Progressive Classic Ins. Co., 118 S.W.3d 655, 662 (Mo. App. W.D. 2003). An ambiguity arises if there is duplicity, indistinctness, or uncertainty in the meaning of the contractual terms. Indiana Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co., 195 F.3d 368, 377 (8th Cir. 1999); Cincinnati Ins. Co. v. Television Eng'g Corp., 265 F. Supp. 2d 1078, 1081 (E.D. Mo. 2003).

An insurance policy cannot be interpreted in a vacuum. The policy must be construed in its entirety, with each clause interpreted in relation to the others contained therein. The Missouri Supreme Court has stated "[i]n determining the intention of the parties to an insurance contract, the entire policy and not detached provisions or clauses must be considered." Shaffner v. Farmers Mut. Fire Ins. Co., 859 S.W.2d 902, 906 (Mo. 1993). Quoting a long-standing principle in Missouri case law, the Court stated:

> The contract must be construed as a whole, and when a clause in the policy stands with others its sense may be gathered from those clauses which precede and those which follow. When words are used in one sense in one part of the contract, and such words are again used in the same contract they are as a general rule deemed to have been used in the same sense as in the first instance; nothing to the contrary appearing. Of the construction of contracts in general, no one challenges the rule that all parts must be considered together, if possible.

Id. (quoting Maupin v. Southern Surety Co., 220 S.W.20 (1920)).

The Shaffner case turned on the definition of two terms undefined in the standard provision of the insurance policy, but defined in an endorsement. The court relied on the general rule "that absent language to the contrary, a word or phrase in one part is presumed to have the same meaning when it is used in another part of the policy." Id. at 907. The court rejected the construction that a word could mean one thing in one portion of the policy and something else in another portion. Construing the policy as a whole, the court applied the definitions contained in the endorsement to the same words used in the standard provision. Id. at 907-08.

The instant case is analogous to Shaffner. Although "the prior policy" as used in subparagraph (b) of the pre-existing condition rider is never defined in the policy, the policy uses the same phrase in another provision on the same page as the rider. In the "Replacement of Prior Group Insurance" provision, the term "the prior policy" refers to medical insurance from another insurer that

was in effect on the day immediately prior to the effective date of the American Medical policy. As used in that section, "the prior policy" does not refer to any insurance policy in effect at any time prior to the effective date of the American Medical policy, but only that in effect immediately prior to the American Medical policy.

Plaintiff argues against such interpretation, stating that the mention of the term "the prior policy" in the Replacement of Prior Group Insurance clause does not convert that clause into "a definitional section that controls and limits the entire Policy." Pl. Reply at 2. Plaintiff states that the Replacement of Prior Group Insurance provision is a self-contained provision that references no other portion of the policy, and therefore the use of the term "the prior policy" in that provision is not relevant to the policy's pre-existing condition limitation. Id. at 2-3.

Contrary to plaintiff's argument, the meaning of "the prior policy" in subparagraph (b) of the pre-existing condition rider may be gathered from a clause in the policy that follows. See Shaffner 859 S.W.2d at 906. Missouri law dictates that the Court determine the intent of the parties by reading the American Medical policy as a whole, not by reading each paragraph as a self-contained provision. As a general rule, when the same words are used in two provisions of the contract, they are deemed to have been used in the same sense. The American Medical policy contains no language to the contrary. Applying these established rules of interpretation, the Court finds the phrase "the prior policy" as used in subparagraph (b) of the pre-existing condition rider is unambiguous and refers to a medical insurance policy in effect on the day immediately prior to the effective date under the American Medical policy.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for partial summary judgment is

**DENIED**.  [Doc. 16]


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this <u>8th</u> day of February, 2008.